## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SUZANNE GIFFORD, *on behalf of herself*
*and all others similarly situated*,

    Plaintiff,

v.

PROFESSIONAL ACCOUNT SERVICES, INC.,
*a Tennessee Corporation*,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff, Suzanne Gifford, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. § 1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. § 1331*, and *15 U.S.C. § 1692k*.

3. Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Suzanne Gifford ("Plaintiff"), is a natural person residing in Indian River County, Florida.

5. Defendant, Professional Account Services, Inc. ("Defendant"), is a Tennessee Corporation and is engaged in the business of collecting consumer debts, which operates from offices located at 4000 Meridian Boulevard, Franklin, Tennessee 37067.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

7. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0901005. Defendant is not licensed in the State of Florida to collect commercial debts.

9. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

10. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the alleged debt Defendant sought to collect was a medical debt.

11. On or about March 1, 2018, Defendant mailed, or caused to be mailed, a collection letter to Plaintiff that sought to collect the alleged debt. (The "Demand Letter" attached hereto as "Exhibit 1.")

12. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

13. The Defendant's Demand Letter stated, in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office

will provide you with the name and address of the original creditor if different from the current creditor.

14. Pursuant to *15 U.S.C § 1692g(a)* Defendant must provide Plaintiff with:

    Validation of debts

    (a) Notice of debt; contents

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof**, **is disputed,** the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

15. *15 U.S.C. § 1692e(10)* states:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. Defendant's Demand Letter falsely and misleadingly pronounces the verification rights of Plaintiff provided by *15 U.S.C. § 1692g*. Defendant's statement "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." omits that the Plaintiff's written notification must dispute the debt or any portion of the debt, as stated in *15 U.S.C. § 1692g(4)*.

17. In addition, Defendant's statement "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." is misleading and confusing as it is subject to more than one interpretation. Defendant's statement does not inform the Plaintiff/consumer of what she needs to notify Defendant's office of, i.e. that she needs to dispute the debt or any portion thereof, as opposed to, for example, writing to notify the Defendant that the consumer cannot afford to make any payment on the debt.

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

19. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (iii) were mailed, or caused to be mailed, by the Defendant (iv) and

were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action.

20. Plaintiff alleges on information and belief, based upon the Defendant's use of the phrase: "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." in its initial communication letters served upon the Class, is so numerous that joinder of all members of the Class is impractical.

21. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendant that contained the phrase: "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."  The common principal legal issue is whether Defendant failed to provide to each member of the Class the correct validation notice required by *15 U.S.C. § 1692g* after an "initial communication" by a debt collector.

22. Plaintiff's claims are typical of those of the Class members.  All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class.  She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

**COUNT I**
**VIOLATION OF *15 U.S.C. § 1692g(a)(4)*** 
**CLASS CLAIM AGAINST DEFENDANT**

26. Plaintiff re-alleges and incorporates Paragraphs 1 through 18.

27. *15 U.S.C. § 1692g(a)(4)* states after an initial communication the Defendant must provide Plaintiff with:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

28. Defendant sent the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in an attempt to collect a consumer debt.

29. Defendant's Demand Letter omits that the consumer, in order to receive the benefits provided by *15 U.S.C. § 1692g(a)(4)*, must specifically dispute the debt or any portion of the debt.

30. Defendant's statement "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment

and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to pay the debt or to request a payment plan and the Defendant would send the consumer verification of the debt pursuant to the statute, and while not stated, invoke the protections afforded to consumers by *15 U.S.C. § 1692g(b)*.

31. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

32. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. § 1692k*.

## COUNT II
## VIOLATION OF *15 U.S.C. § 1692e*
## CLASS CLAIM AGAINST DEFENDANT

33. Plaintiff re-alleges and incorporates Paragraphs 1 through 18 and Paragraphs 27 through 30.

34. *15 U.S.C. § 1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant sent the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in connection with the collection of a consumer debt.

36. Defendant's Demand Letter is a misstatement of *15 U.S.C. § 1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits to inform the Plaintiff (and the Class) that she/they must dispute the debt, or any

portion thereof, in writing, in order to receive verification of the debt as well as the protections available pursuant to *15 U.S.C. § 1692g(b)*.

37. Defendant's statement "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." omits that the consumer must dispute the debt, or any portion of the debt, despite the clear wording of *15 U.S.C. § 1692g(a)(4)*.

38. Defendant's statement in its Demand Letter only states that the Plaintiff needs to "notify" Defendant's office, however it does not inform the Plaintiff of what she needs to "notify" Defendant's office of, i.e. that the consumer needs to dispute the amount of the debt, or any portion of the debt, to receive verification of the debt or a copy of a judgment, if one exists.  Defendant's statement is susceptible to more than one interpretation.

39. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

40. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor against Defendant for:

    a. An Order certifying this matter as a Class action and appointment of Plaintiff as Class Representative as to all claims against Defendant;

    b. An Order appointing Leo W. Desmond as Class Counsel;

    c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. § 1692k* for all Class claims;

    d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

      e.   Such other or further relief as the Court deems proper.

Dated: April 3, 2018.

                                                Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:   772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*

Sovathary K. Jacobson, Esquire
Florida Bar Number 0102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:   772.231.0300
jacobson@desmondlawfirm.com
*Attorney for Plaintiff*